# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST VIDEO, INC., a California corporation,<br>　　　　Plaintiff,<br><br>v.<br><br>PUBLIC BROADCASTING SERVICE (PBS), a District of Columbia nonprofit corporation; FLEISHERFILM, INC., a Wyoming corporation, PBS SOCAL/KOCE, a California non-commercial television station; KVCR-DT, a California non-commercial television station; and KLCS, a California non-commercial television station,<br>　　　　Defendants. | Case No. 2:16-CV-8756-RGK-KS<br><br>*Hon. R. Gary Klausner Presiding*<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

**Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Proposed Stipulated Protective Order ("Stipulation") filed on September 28, 2017, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 6, 16, and 20 of the Stipulation.**

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

Plaintiff Pacific Coast Video, Inc. ("Plaintiff") and Defendants Public Broadcasting Service ("PBS"); fleisherfilm, inc. ("fleisherfilm"); and PBS SoCal/KOCE ("KOCE") (collectively, "Defendants") (Plaintiff and Defendants collectively referred to herein as "the parties"), by and through their counsel of record, enter into the following stipulated protective order:

## PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

\\
\\
\\

---

[1] The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

## **GOOD CAUSE STATEMENT**

This action is likely to involve commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

The Court hereby **ORDERS** that, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, and all persons acting in concert or participation with them—shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person

any "Confidential Information" shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

2. "Confidential Information" is defined as "Litigation Materials" that would disclose: (a) information that a party is obligated to treat as confidential pursuant to an agreement with a non-party; (b) trade secrets, non-public or proprietary information of a party; (c) confidential communications and agreements, including but not limited confidential financial and employment information, relating to the production, financing, and filming of the *Navy SEALs – Their Untold Story*; and (d) private financial information of the parties hereto. Confidential Information includes original information having a confidentiality designation, and any copy, derivative or abstract, as well as any notes, briefs, or references for which that information is the source.

3. "Litigation Materials" is defined as information of any kind that becomes part of the record of these proceedings, is provided by any party in the course of discovery, or is otherwise disclosed in these proceedings pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of California, or a Court order, and which can include documents, things, or testimony.

4. Any Litigation Materials that a supplier asserts constitute or contain Confidential Information must be so designated by such supplier by clearly and prominently marking the Litigation Materials "CONFIDENTIAL". All such Litigation Materials marked "CONFIDENTIAL" shall be used only in accordance with the terms of this Stipulated Protective Order.

5. All Litigation Materials marked "CONFIDENTIAL", and all information derived from such materials, shall be maintained in strict confidence by the receiving party and used by the receiving party solely in the preparation and trial of this action or any appeal from this action, and not for any other purpose. Except as herein provided, the receiving party shall not disclose or permit to be disclosed

-2-
SMRH:484213107.1                                                    [PROPOSED] PROTECTIVE ORDER

Litigation Material which is designated "CONFIDENTIAL" to any person other than (1) the Court (including the judge, magistrate judge, any special master appointed by the Court, clerks and other Court personnel, and the jury), (2) the receiving party's outside counsel of record in this action, including their necessary support staff (such as paralegals, secretaries, and clerical personnel), and the receiving party's in-house attorneys or support staff, (3) an individual named as a party or an entity named as a party through its employees; (4) outside experts or consultants as defined in paragraph 7 below, including necessary support personnel, (5) as to any document, its author, its addressee, and any other person indicated on the face of the document as having personally received a copy, (6) an employee of the disclosing party in a deposition of that employee, (7) stenographers and videographers engaged to transcribe and record depositions conducted in this action, (8) any outside document duplication, scanning, imaging, coding, or other support vendor retained by outside counsel of record to process Litigation Materials or to prepare for trial in this case, or (9) jury consultants retained by outside counsel of record and their necessary support personnel, and mock jurors and focus group participants used by them, who agree to be bound by the terms of this Order. The persons identified in paragraphs 5(2)-(4) and 5(7)-(9) shall first read the Stipulated Protective Order and execute the Acknowledgment annexed as Exhibit A. The originals of executed Acknowledgements shall be retained by the counsel for the party securing the signatures thereto.

6. ~~All those~~ **The persons identified in paragraphs 5(2)-(4) and 5(7)-(9)** who receive access to Confidential Information pursuant to this Stipulated Protective Order, including all attorneys, shall abide by and be bound by the provisions of this Stipulated Protective Order and use due care to see that its provisions are known and adhered to by those under their supervision or control.

7. For purposes of paragraph 5, an outside expert or consultant shall be defined as a person who (a) is retained or employed as a bona fide expert or

-3-

consultant for the purposes of this litigation, by or at the direction of outside counsel for a party, and (b) is not an employee of a party and has not been an employee of a party since this litigation was initiated.

8. No person shall attend portions of depositions during which Confidential Information is disclosed unless such person is an authorized recipient under the terms of this Stipulated Protective Order. If, during the course of a deposition the appropriate response to a question may require the disclosure of Confidential Information, or an answer discloses such information, the witness may refuse to answer or the party whose Confidential Information is being disclosed may instruct the witness not to answer or not to complete his or her answer, as the case may be, until all persons not authorized to receive such Confidential Information have left the room.

9. Deposition transcripts may be designated either (1) on the record at the time the testimony is recorded (including retroactively), in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter as directed by the designating party, or (2) by written notice, including a list of the pages and line numbers so designated, to the reporter and each party's counsel, given within thirty (30) days after the transcript is received by the witness or his counsel or by any party or its counsel.

10. In the event that any Confidential Information is disclosed in any pleading, motion, deposition transcript, or other paper or thing to be filed with the Court, the disclosing papers shall be accompanied by an application, pursuant to Local Rule 79-5, for an order directing that the papers (or at least the confidential portion thereof) be filed under seal.

11. If a party or a supplying person through inadvertence produces any Confidential Information without labeling, marking or otherwise designating it as such in accordance with the provisions of this Stipulated Protective Order, the supplying person or supplying party may give written notice to the receiving party

-4-

that such information is deemed Confidential Information and should be treated as such in accordance with the provisions of this Stipulated Protective Order. All receiving parties shall treat such information as Confidential Information pursuant to such notice from the date such notice is received, to the extent such information has not been disclosed to persons outside the noticed level of protection. Disclosure of such information, prior to the receipt of such notice, shall not be deemed a violation of this Stipulated Protective Order.

12. A party shall not be obligated to challenge the propriety of a confidentiality designation referred to in this Stipulated Protective Order at the time made, and a failure to do so shall not preclude or in any way prejudice any subsequent challenge. Any party, at any stage of these proceedings, may challenge any designation of Confidential Information by giving written notice to all other parties, and to the supplier of such information if he or she is not a party, of such challenge, including reasons for the challenge. The parties, and the supplying persons or entity if applicable, shall try first to resolve such dispute in good faith on an informal basis, as promptly as is reasonably possible. If the dispute cannot be resolved informally, the party challenging the designation of information as "CONFIDENTIAL" may seek appropriate relief from this Court, including under Local Rule 37.

13. The restrictions of this Stipulated Protective Order shall not apply to any information or material which becomes known lawfully to the recipient in manner that does not violate the provisions of this Stipulated Protective Order.

14. This Stipulated Protective Order is intended solely to facilitate the preparation and trial of this case and shall not be considered in any way as an admission or agreement by any party that any designated information actually constitutes or contains any privileged, confidential, or proprietary information.

15. This Order shall not affect a party's right (a) to withhold information on grounds of privilege or immunity from discovery, or (b) to reveal or disclose to

<s>SMRH:484213107.1</s>   [PROPOSED] PROTECTIVE ORDER

anyone any documents or information designated by that party as "CONFIDENTIAL".

16. All Confidential Information disclosed to a receiving party and any notes or other records regarding that information must be maintained in a secure area in the custody of the receiving party's attorneys of record or in a secure area in the custody of the receiving party's expert(s) and/or consultant(s). Any person **identified in paragraphs 5(2)-(4) and 5(7)-(9)** with custody of Confidential Information must maintain it in a manner which ensures that access to such information is strictly limited to persons entitled to receive such information in accordance with the provisions of this Stipulated Protective Order.

17. In the event that any person or entity violates or threatens to violate any term of this Stipulated Protective Order, the parties agree that the aggrieved party shall be entitled to obtain injunctive relief against such actual or threatened violation.

18. Within thirty (30) days after the final termination of this action (including all appeals), each party shall assemble all Litigation Materials furnished or designated by any other person as containing Confidential Information and shall, at the election of the receiving person, either destroy or return to the supplying person any originals and all copies of such Litigation Materials.

19. Notwithstanding the foregoing, the attorneys of record for each party shall be entitled to retain all pleadings, motion papers, court filings, deposition transcripts (and exhibits), legal memoranda, correspondence, notes, and work product.

20. If any person or party having possession, custody or control of any document or information produced in this action and designated CONFIDENTIAL receives a subpoena or other process or order to produce such information, such person or party shall timely notify the attorneys of record of the disclosing party, shall timely furnish those attorneys with a copy of the subpoena or other process or

order, and shall cooperate respecting any lawful procedure sought to be pursued by the disclosing party to prevent the production of such information. **Nothing in this Protective Order should be construed as authorizing a Receiving Party in this action to disobey a lawful directive from another court.**

21. Nothing herein shall abridge the right of any person to seek a modification of this Stipulated Protective Order.

22. The terms and provisions of this Stipulated Protective Order shall survive the termination of this action, and its terms and conditions shall be binding on the parties and on anyone else to whom Confidential Information is disclosed.

**IT IS SO ORDERED.**

DATED: September 29, 2017

_____
KAREN L. STEVESON
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC COAST VIDEO, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC BROADCASTING SERVICE (PBS), a District of Columbia nonprofit corporation; FLEISHERFILM, INC., a Wyoming corporation, PBS SOCAL/KOCE, a California non-commercial television station; KVCR-DT, a California non-commercial television station; and KLCS, a California non-commercial television station,<br><br>Defendants. | Case No. 2:16-CV-8756-RGK-KS<br><br>**ACKNOWLEDGMENT OF NONDISCLOSURE UNDER PROTECTIVE ORDER** |

I, _____ (name), acknowledge that I have received and read a copy of the Stipulated Protective Order entered in the action presently pending in the United States District Court for the Central District of California, entitled *Pacific Coast Video, Inc. v. Public Broadcasting Service, et al*, Case No. 2:16-CV-8756-RGK-KS. I agree to comply with and be bound by this Stipulated Protective Order, and I hereby submit to the jurisdiction of the United States District Court for the Central District of California with respect to any action arising out of any claim of violation of the Stipulated Protective Order.

Date                                              Signature